*947 OPINION.
Love:
The petitioner claims the right to deduct the sum of $11,-709.25 upon the ground that it lost the title to the timber in question in 1920, and that it was immediately determined that no recovery could be had against the vendor, Sarah A. Fuller. However, as stated in the findings of fact, the record herein does not disclose the amount, over and above the consideration named in the deed, expended by the petitioner for taxes, interest, and legal expenses, and the Commissioner having determined that the cost of the timber tract was $11,000, the loss, if any, must necessarily be restricted to that amount.
In support of this contention the petitioner takes the position that under the law of West Virginia an action for breach of warranty would not lie against the vendor because it had not been evicted from the property in question. The petitioner then urges that having *948 no right of action against the vendor it necessarily suffered a loss in 1920, no recovery having been had in that year.
Assuming that the law of West Virginia has been correctly stated, we are unable to agree that the petitioner suffered a deductible loss in the year 1920.
Section 234 (a) (4) of the Revenue Act of 1918 authorizes, as deductions in computing net income, “ Losses sustained during the taxable year and not compensated for by insurance or otherwise.” We have on other occasions been called upon to interpret this section and in Jackson County State Bank, 2 B. T. A. 1100, we stated that:
Tlie statute provides for a deduction on account of losses sustained during the taxable year. The expression “loss sustained” means actual losses and not paper losses * * *.
In Carl Muller, 4 B. T. A. 169, we said:
The statute does not permit the deduction of doubtful debts partly written off, Steele Cotton Mill Co., 1 B. T. A. 299, nor of possible or probable losses. The loss must be actually sustained in the taxable year to be deductible. * * * On the other hand, claiming a loss he must prove as a fact that it was actually sustained within the year. The sustained loss and not his ascertainment is the statutory factor * * *.
It is clear to us, in view of the above-quoted statements of the Board, that the petitioner did not sustain an actual loss in 1920.
It appears that the petitioner, upon learning that it could not proceed immediately against Mrs. Fuller for breach of warranty, assumed that she would not or could not repay the purchase price. But the record shows that the petitioner was not justified in such an assumption. No investigation of Mrs. Fuller’s financial standing was made other than that of her property holdings. Neither Mrs. Fuller nor her attorneys refused to repay the purchase money, and, as a matter of fact, the evidence discloses that Mrs. Fuller was anxious to settle the matter. She was ill in December, 1920, and the petitioner’s officer who visited Uniontown at that time was unable to see her, but in February, 1921, at the time of his first talk with her she gave Robert Bair, the above-mentioned officer, a check for $10,749.94 and the matter was closed.
In view of the fact that the petitioner was unjustified in assuming that Mrs. Fuller would not or could not repay the purchase money, and of the further fact that the petitioner during 1920 negotiated relative to the repayment of the money, which negotiations resulted in the repayment thereof early in 1921, we think that it is conclusively established that the loss claimed was not real and consequently an actual loss was not sustained in 1920.
We, therefore, approve the respondent’s action in regard thereto.

Judgment will be entered for the resfondent.

Considered by Trtjshell, Littleton, and Smith.